IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    Civil No.:_____ 8:19-cv-1530 (LEK/DJS)


                           Plaintiff          COMPLAINT-Action to Foreclose
                                              A Mortgage

-v-

Keith R. Meuten
255 Kelly Road
Rensselaer Falls, NY 13680

The St. Lawrence County Social Services District
6 Judson Street
Canton, NY 13617

John Doe, Mary Roe, and XYZ Corporation
255 Kelly Road
Rensselaer Falls, NY 13680
_____

        The United States of America, a Sovereign, by Pincus Law Group, PLLC, Attorneys for

the plaintiff, complains and alleges as follows:

        1.      This Court has jurisdiction under the provisions of Title 28, United States Code,

Section 1345.

        2.      On or about July 21, 2011, at the request of Defendant, Keith R. Meuten,

(hereinafter "Defendant"), the Plaintiff, the United States of America, acting through the Rural

Housing Service or successor agency, United States Department of Agriculture, (hereinafter

"Plaintiff"), did lend to the Defendant, the sum of $59,200.00, which sum the Defendant did

undertake and promise to repay, with interest at 4.250% in specified monthly installments.

        3.      As evidence of the indebtedness, the Defendant did execute and deliver to the

Plaintiff a Promissory Note dated July 21, 2011, a true copy of which is attached as Exhibit "A".

4.      In order to secure the payment of the indebtedness, the Defendant did execute, acknowledge, and deliver to the Plaintiff, a real property mortgage dated July 21, 2011, a true copy of which is attached as Exhibit "B".  The real property that is security for the mortgage is commonly known as 255 Kelly Road, Rensselaer Falls, NY 13680 located in Saint Lawrence County, New York and more particularly described as set forth in the legal description attached to Exhibit "B", and is also known as Parcel ID/Tax Account # 405000-73.003-4-1.

5.      The mortgage was duly recorded in the Saint Lawrence County Clerk's Office on or about July 21, 2011 in Instrument No. R-2011-00010500.

6.      Plaintiff is the owner and holder of the Promissory Note and Mortgage.

7.      The Defendant has breached and violated the provisions of the Promissory Note and Mortgage in that they did neglect and fail to pay the installments of principal and interest when due beginning with the February 21, 2018 payment, despite due demand therefore and by failing to make payment of real property taxes when due, thus making it necessary for the plaintiff to pay the same to protect its interest.

8.      By reason of the defaults described herein, plaintiff has elected to declare the entire sums secured by the mortgage to be due and payable.

9.      There is now justly due and payable to the plaintiff, as of December 9, 2019, on the Promissory Note and Mortgage the following sums:

| | |
|---|---|
| Unpaid Principal | $61,972.57 |
| Unpaid Interest | $4,957.45 |
| Escrow | $961.16 |
| Late Charges | $19.50 |
| Other Fees | $5,084.95 |

TOTAL:                        $72,034.47

, together with interest at the rate of 4.250% per annum on principal and all advances **from December 9, 2019.**

10.     Upon information and belief, plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to plaintiff at this time.  Nevertheless, plaintiff seeks recovery thereof and therefore, together with interest thereon.

11.     No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

12.     The Defendant, besides Keith R. Meuten, named in the caption of the Complaint, as set forth in Exhibits "C", have or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

13.     That the plaintiff has complied with the notice provisions of the New York State RPAPL Section 1304.  A copy of the required notice is attached hereto as Exhibit "D".

14.     Upon information and belief, the provisions of Banking Law Section 595-a, and any rules and regulations promulgated thereunder, and Banking Law Sections 6-l and 6-m and RPAPL section 1302(1) are not applicable to the mortgage loan that is the subject of this proceeding.

15.     At the time this proceeding was commenced, the plaintiff has complied with the provisions of New York State RPAPL Section 1306 regarding filing with the Superintendent of

the New York State Banking Department.  A copy of the required filing is attached hereto as Exhibit "E".

16.      The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEREFORE, plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

(b)  That the premises may be decreed to be sold according to law;

(c) That the amount due to the plaintiff on the promissory note and mortgage may be adjudged;

(d) That the moneys arising from the sale may be brought into Court;

(e) That the plaintiff may be paid the amount adjudged to be due to the plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f)  And that the plaintiff may have such other and further relief as may be just and equitable.

Dated:  Uniondale, New York, December 9, 2019
/s/ Cynthia Malone
_____
Cynthia Malone, Esq.
Pincus Law Group, PLLC
425 RXR Plaza

Uniondale, NY 11556
(516) 699-8902 (phone)
(516) 279-6990 (fax)
cmalone@pincuslaw.com

# EXHIBIT A

# EXHIBIT A

Form RD 1940-16
(Rev. 7-05)

**UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL HOUSING SERVICE**

Form Approved
OMB No. 0575-0172

**PROMISSORY NOTE**

Type of Loan ⸱ SECTION 502

Loan No. _____

Date: _____07/21_____ 20 11

**SATISFIED**

This _____ day of _____,20 ___.
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

255 Kelly Road

Rensselaer Falls                    , Saint Lawrence     , NY
City or Town                          (County)              (State)
                    (Property Address)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 59,200.00 (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ____4.2500____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____, _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _396_ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in _____396_____ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _21st_ day of each month beginning on ___August 21___, 2011 and continuing for _395_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on ___July 21___, 2044, I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ 278.29 . I will make my monthly payment at the post office address noted on my billing statement _____ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Account #

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of  15  days after the date it is due, I will pay a late charge. The amount of the charge will be _____ 2 _____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

Account #

**NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

**WAIVERS.** I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.**

X _____  Seal        _____  Seal
Borrower Keith R Meuten                            Borrower

_____  Seal        _____  Seal
Borrower                                           Borrower

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $59,200.00 | 07-21-2011 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

3

# EXHIBIT B

# EXHIBIT B



**ST LAWRENCE COUNTY – STATE OF NEW YORK**
GAVIN M. REGAN, COUNTY CLERK
48 COURT STREET, CANTON, NEW YORK 13617



**COUNTY CLERK'S RECORDING PAGE**
***THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH***

| Recording: | |
|---|---|
| Pages | 40.00 |
| Recording Fee | 20.00 |
| Local Government | 19.00 |
| County Ed Land | 1.00 |
| 255 Affidavit | 5.00 |
| Sub Total: | 85.00 |

RECEIPT NO. : 2011328784

Clerk:      JL
Instr #:    R-2011-00010500
Rec Date:   07/21/2011 02:12:00 PM
Doc Grp:    RP
Descrip:    MORTGAGE
Num Pgs:    9

Party1:     MEUTEN KEITH R
Party2:     UNITED STATES AMERICA
Town:       LISBON

| Basic Tax Amount | 0.00 |
|---|---|
| Special Tax Amount | 0.00 |
| CNY Tax Amount | 0.00 |
| Sub Total: | 0.00 |

| Total: | 85.00 |
|---|---|

**** NOTICE: THIS IS NOT A BILL ****

***** Mortgage Tax *****
Serial #:    DC-0929
Calc Method: Exempt
Mtg Amt:     59200.00

| Basic | 0.00 |
|---|---|
| Special | 0.00 |
| CNY | 0.00 |
| Total: | 0.00 |

Record and Return To:

OLIVER LAW FIRM
MAILBOX



Gavin M. Regan
St Lawrence County Clerk

2011326784

**R-2011-00010500**
07/21/2011   02:12:00 PM
MORTGAGE
9 Pages
Gavin M. Regan  St Lawrence County Clerk

RECEIVED AT
ST. LAW. CO.
CLERKS OFC.

'11 JUL 21  P 2: 12

---

Form RD 3550-14 NY
(Rev. 5-11)

[Space Above This Line For Recording Data]

Form Approved
OMB No. 0575-0172

**United States Department of Agriculture**
**Rural Housing Service**

# MORTGAGE FOR NEW YORK

THIS MORTGAGE ("Security Instrument") is made on                    July 21 , 2011 . [Date]
The mortgagor is  KEITH R. MEUTEN

("Borrower").
This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| July 21, 2011 | $59,200.00 | July 21, 2044 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower irrevocably grants and conveys to Lender the following described property located in the County of
St. Lawrence , State of New York:

Description of property appears as Schedule "A", annexed hereto and made a part hereof.

BEING AND INTENDING TO DESCRIBE AND MORTGAGE THE SAME PREMISES conveyed by Robert H. Day and Patricia A. Day to Keith R. Meuten by deed dated July 11, 2011, and intended to be recorded simultaneously herewith.

This is a purchase money mortgage.

which has the address of  255 Kelly Road, Rensselaer Falls, Town of Lisbon                    , New York 13680
[Street]                                                             [City]                    [ZIP]

("Property Address");

---

According to the Paperwork Reduction Act of 1996, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Page 1 of 6

THE OLIVER LAW FIRM
117 MAIN ST.
CANTON, NY 13617

All that tract or parcel of land situate in the Town of Lisbon, County of St. Lawrence and State of New York, bounded and described as follows:

Beginning at a point in the center line of Kelly Road (AKA Town Line Road) on the town line between the Towns of Canton and Lisbon marking a corner of the land of Fobare as described in a deed recorded in the office of the Clerk of St. Lawrence County in Deed Book 905 page 563, lying S 70° 07' 40" W along the center line of Kelly Road a distance of one-thousand eighteen and five tenths (1018.5') feet from a point marking the intersection of the center lines of Kelly Road and Wilstrop Road;

1. thence, S 70° 07' 40" W along the center line of Kelly Road a distance of one-hundred sixty-four and ninety-six hundredths (164.96') feet to a point in the center line of Kelly Road marking a corner of the land of Fobare;

2. thence, N 15° 16' 51" W along an east line of the land of Fobare, passing through an iron rod and Strack cap lying a distance of twenty-four and eighty-three hundredths (24.83') feet from the aforesaid point, a total distance of one-hundred ninety-two and seventy-nine hundredths (192.79') feet to a found iron pipe marking a corner of the land of Fobare;

3. thence, N 70° 00' 00" E along a south line of the land of Fobare a distance of one-hundred fifty-seven and fifty hundredths (157.50') feet to an iron rod and Strack cap on the east side of a stone, marking a corner of the land of Fobare;

4. thence, S 17° 30' 00" E along a west line of the land of Fobare, passing through an iron rod and Strack cap lying a distance of twenty-four and seventy-seven hundredths (24.77') feet from the point of beginning, a total distance of one-hundred ninety-two and sixty-eight hundredths (192.68') feet to the point or place of beginning.

To contain 0.71 acres, including 0.09 acres of Kelly Road, as surveyed during June 2011 by David M. Strack, L.S. No. 49533.

The Bearings are based on the north line of a deed recorded in the Office of the Clerk of St. Lawrence County as Instrument Number 2003-9993 from the found iron pipe to the center of the stone.

SUBJECT TO all easements, restrictions, reservations, conditions, covenants, appropriations, rights and privileges of record.

A map of the above described parcel of land was prepared on June 14, 2011 by David M. Strack, L.S. No. 49533 and is filed in his office under Job No. 28-11.

Schedule "A"

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Page 2 of 6

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the Property.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

Page 3 of 6

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this

Page 4 of 6

Security Instrument.

**17. Nondiscrimination.** If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

**18. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

**19. Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**21. Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be decreed incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

**23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

**24.** Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c)

prescribing any other statute of limitations, (d) allowing any right of possession or, (e) limiting the conditions which Lender may be regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

    25. The Borrower, in compliance with Section 13 of the Lien Law, covenants that the Borrower will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

    26.  **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this security Instrument. [Check applicable box]

        ☐Condominium Rider☐Planned Unit Development Rider ☒Other(s) [specify]  Schedule A

Witnesses:

_____          _____(Seal)
                                    Keith R. Meuten    Borrower

_____          _____(Seal)
                                             Borrower

ACKNOWLEDGMENT

STATE OF NEW YORK   }
                    } SS:
COUNTY OF ST. LAWRENCE

    On the  21st    day of   July    in the year  2011   , before me, the undersigned, a notary public in and for said State, personally appeared  **KEITH R. MEUTEN** _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are)subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person on behalf of which the individual(s) acted, executed the instrument. _____
                                                    Notary Public

Page 6 of 6

                                    CATHLEEN E. O'HORO
                        Notary Public in the State of New York
                      Qualified in St. Lawrence County
                            #4517646
                  My Commission Expires March 30, 20 14

Jul-21-11 02:11P                                                               P.01
07/21/2011 THU 14:30  FAX 315 477 6450 NY RD  Loan Processing                @002/002

STATE OF NEW YORK
                           SS:
COUNTY OF ONONDAGA

       Amanda S. Smith being duly sworn, deposes and says: That I am a Single Family

Housing Program Specialist for the United States of America Acting through Rural

Development, formerly Farmers Home Administration, U.S. Department of Agriculture.

       That Rural Development is an agency of the United States within the U.S. Department

of Agriculture for the purpose of administrating Government loan programs, as a Government

entity, it is exempt from the payment of mortgage taxes.  Specific exemptions are also codified

at 7USC 1984 (1) and 42 USC 1490 h (1).

       This affidavit is made to support request for exemption from mortgage tax.

                                   Amanda S. Smith

Sworn to before me this

_21st_ day of _July_ 2011

_____
NOTARY PUBLIC

Samantha Horstman
Notary Public, State of New York
Commissioned in Onondaga County
No. 01HO6213138
My commission expires 11/02/2013

DC-0929
R-2011-00010500
Exempt                          07/21/2011
$59200.00                       02:12:00 PM

BASIC    $0.00
CNY      $0.00
SPECIAL  $0.00

TOTAL   $0.00

# EXHIBIT C

# EXHIBIT C

```
Holder:       THE ST. LAWRENCE COUNTY SOCIAL SERVICES DISTRICT

Against:      KEITH R. MEUTEN

Type:         Mortgage

County:       ST LAWRENCE

State:        NY


Date:         Recorded Date:          Amount:      Instrument

_____    _____      _____  _____

06/05/2015    06/10/2015              0.00         R-2015-00007115
```

# EXHIBIT D

# EXHIBIT D



**USDA**
United States Department of Agriculture

Rural Development
Business Center

Chief Financial Officer

Office of the National
Financial and
Accounting
Operations Center

4300 Goodfellow
Boulevard
St. Louis, MO 63120

Voice 314.457.4152
Fax 314.457.4292

June 13, 2019

Keith Meuten
751 Scotts Bush Road
Ogdensburg, NY 13669

Loan Number:

Property Address: 255 Kelly Road, Rensselaer Falls, NY 13680

Dear Keith Meuten

## "YOU MAY BE AT RISK OF FORECLOSURE.  PLEASE READ THE FOLLOWING NOTICE CAREFULLY"

As of June 13, 2019, your home loan is 477 days and $ 68,918.51 dollars in default.   Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.

Attached to this notice is a list of government approved housing counseling agencies in your area which provide free counseling.   You can also call the NYS Office of the Attorney General's Homeowner Protection Program (HOPP) toll-free consumer hotline to be connected to free housing counseling services in your area at 1-855-HOME-456 (1-855-466-3456), or visit their website at http://www.aghomehelp.com/. A statewide listing by county is also available at http://www.dfs.ny.gov/consumer/mortg nys np counseling agencies.htm. Qualified free help is available; watch out for companies or people who charge a fee for these services.

Housing counselors from New York-based agencies listed on the website above are trained to help homeowners who are having problems making their mortgage payments and can help you find the best option for your situation.   If you wish, you may also contact us directly at 315-477-6416 and ask to discuss possible options.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form (PDF), found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

This should be the subject as is                                    2
Appears on the first page.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution.   The longer you wait, the fewer options you may have.

If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at (show number) or visit the Department's website at (show web address).

IMPORTANT:  You have the right to remain in your home until you receive a court order telling you to leave the property.   If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave.   You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings.   This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you.

## HUD-Approved housing counseling agencies located in New York

| COUNTY | AGENCY | ADDRESS | CONTACT INFO | NOTES |
|---|---|---|---|---|
| Albany | Affordable Housing Partnership | 255 Orange St. Albany, NY 12210 | 518-434-1730 | HOPP Also serves surrounding areas |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP Also serves surrounding areas |
| | United Tenants of Albany | 33 Clinton Ave. Albany, NY 12207 | 518-436-8997 | HOPP For tenants whose buildings are in the process of foreclosure or have been foreclosed on |
| | Better Neighborhoods, Inc. | 986 Albany St. Schenectady, NY 12307 | 518-372-6469 | HOPP |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling Service |
| | NYS Office For People With Developmental Disabilities (OPWDD) | 44 Holland Ave. Albany, NY 12229 | 518-473-1973 | Serving all NYS residents with developmental disabilities and their families |
| Allegany | ACCORD | 84 Schuyler St. Belmont, NY 14813 | 585-268-7605 | HOPP |
| | Belmont Housing Resources | 1195 Main Street Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | Neighborhood Housing | 937 South Park Ave. | 716-823-3630 | Also serving |



2332121331

| | | | | |
|---|---|---|---|---|
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave. Buffalo, NY. 14220 | 716-823-3630 | |
| Cayuga | Home Headquarters, Inc. | 990 James St., Suite 1. Syracuse NY 13203 | 315-474-1939 | HOPP. Spanish speaking staff available |
| | Clearpoint Financial Solutions | 5794 Widewaters Parkway. Syracuse, NY. 13214. | 1-877-412-2227. | Formerly known as Consumer Credit Counseling Service of Central NY |
| | Alternatives FCU. | 125 Fulton St. Ithaca, NY. 14850 | 607-216-3445 | Online service available only to members of AFCU. |
| Chautauqua | Belmont Housing Resources for Western NY | 1195 Main St., Buffalo, NY. 14209 | 716-884-7791 | HOPP. |
| | Chautauqua Home Rehabilitation and Improvement Corp. (CHRIC) | 2 Academy St. Mayville, NY 14757 | 716-753-4650 | Spanish speaking staff available |
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave. Buffalo, NY. 14220 | 716-823-3630 | |
| Chemung | Arbor Housing and Development | 26 Bridge St. Corning, NY 14830 | 607-654-7487 | HOPP |
| | Catholic Charities of Chemung | 215 East Church St., Suite 101 Elmira, NY 14901 | 607-734-9784 | HOPP. |
| | Alternatives FCU. | 125 Fulton St. Ithaca, NY 14850 | 607-216-3445 | Online service available only to members of AFCU. |
| Chenango | Metro Interfaith Housing Council | 21 New St., Binghamton, NY. 13903 | 607-772-2766 | HOPP. |
| | Clearpoint Credit | The Metro Center, 49 | 1-800-750- | |

| | | | | |
|---|---|---|---|---|
| | | Poughkeepsie, NY 12601 | | |
| **Erie** | Belmont Housing Resources | 1195 Main St. Buffalo, NY 14209 | 716-884-7791 | HOPP |
| | West Side & Black Rock Riverside NHS, Inc. | 359 Connecticut St., Buffalo, NY 14213 | Tuesdays and Wednesdays at (716) 885-2344 Thursdays and Fridays at (716) 877-3910 | HOPP |
| | Buffalo Urban League | 15 Genesee Street, Buffalo, NY 14203 | (716) 250-2400 | HOPP |
| | Consumer Credit Counseling Services of Buffalo, Inc. | 40 Gardenville Parkway, Suite 300, West Seneca, NY 14224 | 1-800-926-9685 or 716-712-2060 | |
| | Neighborhood Assistance Corp. of America | 1094 Hertel Avenue Buffalo, NY 14216 | 716-834-6222 | |
| | Neighborhood Housing Services of South Buffalo | 1937 South Park Ave., Buffalo, NY 14220 | 716-823-3630 | |
| **Essex** | Friends of the North Country | 1 Mill St. Keeseville, NY 12944 | 518-834-9606 | HOPP |
| | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave. Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 | |
| **Franklin** | Friends of the North Country | 1 Mill St. Keeseville, NY 12944 | 518-834-9606 | HOPP |
| | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave. Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
| | Clearpoint Credit | 215 Washington St. | 1-800-750- | |

2332121331

|  | Clearpoint Credit Counseling Solutions | 289 Genesee St., Utica, NY 13501 | 1-800-750-2227 |  |
|---|---|---|---|---|
|  | Homefront Development Corp. | 568 Lower Allen St., Hudson Falls, NY 12839 | 518-747-8250 |  |
| Herkimer | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street Utica, NY 13501 | 315-724-4197 | HOPP |
|  | Clearpoint Credit Counseling Solutions | 289 Genesee St. Utica, NY 13501 | 1-800-750-2227 |  |
| Jefferson | Home Headquarters, Inc. | 990 James St., Suite 1 Syracuse NY 13203 | 315-474-1939 | HOPP Spanish speaking staff available |
|  | Clearpoint Credit Counseling Solutions | 215 Washington St. Suite 005 Watertown, NY 13601 | 1-800-750-2227 |  |
| Kings | Cypress Hills Local Dev. Corp. | 3214 Fulton St. Brooklyn, NY 11208 | 718-647-8100 | HOPP Spanish speaking staff available |
|  | Pratt Area Community Council | 1224 Bedford Ave. Brooklyn, NY 11216 | 718-783-3549 ext.315 | HOPP |
|  | Grow Brooklyn, Inc. | 1474 Myrtle Ave. Brooklyn, NY 11237 | 718-418-8232 ext. 206 | HOPP Spanish and Bengali speaking staff available |
|  | Bridge Street Dev. Corp. | 460 Nostrand Ave. Brooklyn, NY 11216 | 718-636-7596 ext. 11 | HOPP Spanish Speaking staff available |
|  | MHANY Management, Inc. | 2-4 Nevins St., Brooklyn, NY 11217 | 718-246-8080 ext 203 | HOPP Spanish speaking staff available |
|  | Neighbors Helping Neighbors (NHN) | 621 Degraw St., Brooklyn, NY 11217 | 718-237-2017 ext.159 | HOPP Spanish speaking staff available |
|  | Brooklyn Housing and | 415 Albemarle Rd. | 718-435-7585 | HOPP |

| | | | | available |
|---|---|---|---|---|
| | GreenPath Debt Solutions | 175 Remsen St., Suite 1102 Brooklyn, NY 11201 | 866-285-4033 | |
| | NY Commission of Human Rights-Brooklyn | 275 Livingston St. Brooklyn, NY 11217 | 718-722-3130 | Spanish speaking staff available |
| Lewis | Home Headquarters, Inc. | 990 James St., Suite 1, Syracuse NY 13203 | 315-474-1939 | HOPP |
| | Clearpoint Credit Counseling Solutions | 215 Washington St. Suite 005 Watertown, NY 13601 | 1-800-750-2227 | |
| Livingston | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | The Housing Council | 75 College Ave., 4th Floor Rochester, NY 14607 | 585-546-3700 | HOPP |
| Madison | Home Headquarters, Inc. | 990 James St., Suite 1, Syracuse NY 13203 | 315-474-1939 | HOPP Spanish speaking staff available |
| | UNHS NeighborWorks Homeownership Center | 1611 Genesee Street Utica, NY 13501 | 315-724-4197 | HOPP |
| | Community Action Program for Madison County | 3 East Main St. Morrisville, NY 13408 | 315-684-3144 | ASL trained staff available |
| | Clearpoint Credit Counseling Solutions | 289 Genesee St. Utica, NY 13501 | 1-800-750-2227 | |
| Monroe | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| | Marketview Heights Association | 308 North Street Rochester, NY 14605 | 585-423-1540 | HOPP |
| | The Housing Council | 75 College Ave., 4th Floor Rochester, NY 14607 | 585-546-3700 | HOPP |

| | | | | |
|---|---|---|---|---|
| | | Heights, NY 11372 | | in NYC. Southeast Asian speaking Counselors on staff. |
| | County of Nassau Economic Development, Office of Housing | 40 Main St., Suite B, Hempstead, NY 11550. | 516-571-4663 | Spanish speaking staff available. |
| | GreenPath Debt Solutions | 300 Garden City Plaza, Suite 220, Garden City, NY 11530. | 888-776-6738. | |
| New York | MHANY Management, Inc. | 2-4 Nevins St., Brooklyn, NY. 11217 | 718-246-8080 ext 203 | HOPP. Spanish speaking staff available |
| | Grow Brooklyn, Inc. | 1474 Myrtle Ave. Brooklyn, NY 11237 | 718-418-8232 ext. 206. | HOPP. Spanish and Bengali speaking staff available |
| | Parodneck Foundation | 121 6th Ave., Suite 501 New York, NY. 10013 | 212-431-9700 ext 391. | HOPP. Spanish speaking staff available. |
| | AAFE Community Development Fund, Inc. | 111 Division St., New York, NY. 10002 | 212-964-2288 | Chinese and Korean speaking staff available. |
| | Abyssinian Development Corp. | 2283 7th Avenue New York, NY. 10030 | 646-442-6545 | |
| | Neighborhood Housing Services of NYC. | 307 West 36th St., 12th floor New York, NY. 10018 | 212-519-2500 | Spanish and Creole speaking staff available. |
| | Harlem Congregations for Community Development | 2854 Frederick Douglass Blvd., New York, NY 10039. | 212-281-4887 ext. 206 or 231. | Spanish speaking staff available. |
| | West Harlem Group Assistance, Inc. | 1652 Amsterdam Ave. New York, NY. 10031. | 212-862-1399. | |

2332121331

|  |  | Rochester, NY 14607 |  |  |
|---|---|---|---|---|
|  | Consumer Credit Counseling Services of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
|  | Community Action in Self Help | 48 Water St., Lyons, NY 14489 | 315-946-6992 | HOPP Serving townships of Manchester and Phelps |
|  | Keuka Housing Council | 160 Main St. Penn Yan, NY 14527 | 315-536-8707 | Seen on case by case basis with focus on senior citizens |
| **Orange** | Hudson River Housing | 291 Mill St. Poughkeepsie, NY. 12601 | 845-454-9288 | HOPP |
|  | Orange County Rural Development Advisory Corp. | 59b Boniface Drive. Pine Bush, NY 12566 | 845-713-4568 | HOPP |
| **Orleans** | Belmont Housing Resources | 1195 Main St. Buffalo, NY. 14209 | 716-884-7791 | HOPP |
|  | The Housing Council | 75 College Ave. 4th Floor Rochester, NY 14607 | 585-546-3700 | HOPP |
|  | Consumer Credit Counseling Service of Rochester, Inc. | 1000 University Ave., Suite 900 Rochester, NY 14607 | 1-888-724-2227 | HOPP |
| **Oswego** | Home Headquarters, Inc. | 990 James St., Suite 1 Syracuse NY 13203 | 315-474-1939 | HOPP Spanish speaking staff available |
|  | Fulton Community Development Agency | 125 West Broadway Fulton, NY. 13069 | 315-593-7166 |  |
|  | Oswego Housing Development Council, Inc. | 2971 County Rte. 26 Parish, NY. 13131 | 315-625-4520 |  |
|  | Clearpoint Credit Counseling Solutions | 5794 Widewaters Parkway Syracuse, NY 13214 | 1-800-750-2227 |  |



| | | | | |
|---|---|---|---|---|
| | Brooklyn Housing and Family Services, Inc. | 415 Albemarle Rd. Brooklyn, NY 11218 | 718-435-7585 | HOPP. Spanish and French Creole speaking staff available. |
| | NY Commission of Human Rights- Queens | 153-01 Jamaica Ave. Jamaica, NY 11432 | 718-657-2465 | Spanish speaking staff available |
| | GreenPath Debt Solutions | 80-02 Kew Gardens Road, Suite 710 Kew Gardens, NY 11415-3607 | 866-285-4036 | |
| | Margert Community Corporation | 325 Beach 37th Street Far Rockaway, NY 11691 | 718-471-3724 | |
| | Queens Community House | 108-25 62nd Drive Forest Hills, NY 11375 | 718-592-5757 | |
| Rensselaer | Troy Rehabilitation and Improvement Program (TRIP) | 415 River St. Troy, NY 12180 | 518-690-0020 | HOPP |
| | United Tenants of Albany | 33 Clinton Ave. Albany, NY 12207 | 518-436-8997 | HOPP. For tenants whose buildings are in process of being foreclosed or whose building has been foreclosed |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
| | Affordable Housing Partnership | 255 Orange St. Albany, NY 12210 | 518-434-1730 | HOPP |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling |



2332121331

| | | | | |
|---|---|---|---|---|
| | (TRIP) | | | residents of Southern Saratoga County |
| | Better Neighborhoods, Inc. | 986 Albany St. Schenectady, NY 12307 | 518-372-6469 | HOPP |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |
| | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 | Serving residents of Northern Saratoga County |
| Schenectady | Better Neighborhoods, Inc. | 986 Albany St. Schenectady, NY 12307 | 518-372-6469 | HOPP |
| | Affordable Housing Partnership | 255 Orange St. Albany, NY 12210 | 518-434-1730 | HOPP |
| | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
| | Schenectady Community Action Program (SCAP) | 913 Albany St. Schenectady, NY 12307 | 518-374-9181 | For tenants whose buildings are in process of being foreclosed or whose building has been foreclosed |
| | Clearpoint Credit Counseling Solutions | 2 Computer Drive West Albany, NY 12205 | 1-800-750-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |

2332121331

| | | | |
|---|---|---|---|
| Resources, Inc. | East Northport, NY 11731 | 0766 | Spanish speaking staff available |
| Community Development Corporation of Long Island | 2100 Middle Country Rd., Suite 300 Centereach NY 11720 | 631-471-1215 ext. 158 | HOPP Spanish speaking staff available |
| Economic Opportunity Council of Suffolk, Inc. | 320 Carleton Avenue Suite 7800 Central Islip NY 11722 | 631-647-3765 x 1204 or 1205 | HOPP |
| La Fuerza Unida, Inc. | 1 School St., Suite 302 Glen Cove, NY. 11542 | 516-759-0788 | HOPP Spanish speaking staff available |
| Long Island Housing Partnership, Inc. | 180 Oser Ave. Hauppauge, NY 11788 | 631-435-4710 | HOPP Spanish speaking staff available |
| Long Island Housing Services, Inc. | 640 Johnson Ave., Suite 8 Bohemia, NY 11716 | 631-567-5111 x383 | HOPP Spanish speaking staff available |
| CHHAYA | 37-43 77th St. Jackson Heights, NY 11372 | 718-478-3848 | HOPP funded for NYC Southeast Asian speaking Counselors on staff |
| Central Islip Civic Council | 68 Wheeler Rd. Central Islip, NY 11722 | 631-348-0669 | HOPP Spanish speaking staff available |
| Housing Help, Inc. | 91-101 Broadway, Suite 6 Greenlawn NY 11740 | 631-754-0373 | |
| North Fork Housing Alliance | 110 South St. Greenport, NY 11944 | 631-477-1070 | |
| Bellport, Hagerman, East Patchogue Alliance, Inc. | 1492 Montauk Highway Bellport, NY 11713 | 631-286-9236 | |

2332121331

|  | Program of Essex County (HAPEC) | Elizabethtown, NY 12932 |  |  |
|---|---|---|---|---|
|  | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
|  | Clearpoint Financial Solutions | 2 Computer Drive West Albany, NY 12205 | 1-877-412-2227 | Formerly known as Consumer Credit Counseling Service of Central NY |
|  | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 |  |
| **Washington** | Housing Assistance Program of Essex County (HAPEC) | 103 Hand Ave. Elizabethtown, NY 12932 | 518-873-6888 | HOPP |
|  | Albany County Rural Housing Alliance | 24 Martin Road Voorheesville, NY 12186 | 518-765-2425 | HOPP |
|  | Homefront Development Corp. | 568 Lower Allen St. Hudson Falls, NY 12839 | 518-747-8250 |  |
| **Wayne** | Community Action in Self Help | 48 Water St. Lyons, NY 14489 | 315-946-6992 | HOPP |
|  | Consumer Credit Counseling Service of Rochester, Inc. | 50 Chestnut Plaza Rochester, NY 14604 | 1-888-724-2227 | HOPP |
| **Westchester** | Community Housing Innovations, Inc. | 75 South Broadway, Ste 340 White Plains, NY 10601 | 914-683-1010 | HOPP |
|  | Housing Action Council | 55 South Broadway Tarrytown, NY 10591 | 914-332-4144 | HOPP |
|  | Human Development Services of Westchester, Inc. | 28 Adee St. Port Chester, NY 10573 | 914-939-2005 | HOPP. Spanish speaking counselors available |
|  | Westchester Residential Opportunities | 470 Mamaroneck Ave., Suite 410 | 914-428-4507 OR 877- | HOPP. Spanish and |



## FAIR DEBT COLLECTION PRACTICES ACT NOTIFICATION

This Notice is required by the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. §1692 et seq., as amended.

Unless the consumer, within thirty days after receipt of this notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

If the debtor notifies the debt collector within 30 days of the receipt of this notice that the debt or any portion thereof is disputed, the debt collector will obtain a verification of the debt and a copy of the verification will be mailed to the debtor.

If you have received a discharge from the United States Bankruptcy Court, and you have not reaffirmed your liability for this debt, you are not personally liable for the underlying indebtedness owed and this notice/disclosure is for compliance and informational purposes only.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

a) Supplemental security income, (SSI)

b) Social Security;

c) Public Assistance (welfare);

d) Spousal support, maintenance (alimony) or child support;

e) Unemployment benefits;

f) Disability benefits;

g) Workers' compensation benefits;

h) Public or private pensions;

i) Veterans' benefits;

j) Federal student loans, federal student grants, and federal work study funds; and

k) Ninety percent of your wages or salary earned in the last sixty days

Written request by this Act should be addressed to:

Unites States Department of Agriculture
Rural Development Business Center
4300 Goodfellow Blvd., St. Louis, MO 63120
Telephone 314-457-4152; Fax 314-457-4292.

# EXHIBIT E

# EXHIBIT E



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL. The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : USDA Rural Development |
| Address | : 441 South Salina St., Suite 357 Syracuse NY 13202 |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS4998977 |
| Mailing Date Step 1 | : 17-JUN-19 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 19-JUN-19 03.17.23.000 PM |
| Filing Date Step 1 Orig | : 19-JUN-19 03.17.23.000 PM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 255 Kelly Road  Rensselaer Falls NY 13680 |
| County | : Saint Lawrence |
| Date of Original Loan | : 21-JUL-11 12.00.00.000 AM |
| Amt of Original Loan | : 59200 |
| Loan Number Step 1 | : |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No Modification |
| Days Delinquent | : Other |
| Borrower's Name | : Keith  Meuten |
| Address | : 255 Kelly Road Rensselaer Falls  13680 |
| Borrower's Phone No | : 3154776416 |
| Filing Status | : Step 1 Incomplete-Missing Mortgagee Info |

Sincerely,

New York State Department of Financial Services

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Keith R. Meuten, et al. |

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Cynthia Malone
Pincus Law Group, PLLC
425 RXR Plaza Uniondale, NY 11556 516-669-8902

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 28 U. S. C, Section 1345

Brief description of cause:
Action to foreclose a mortgage

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  72,034.47

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE  12/09/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/Cynthia Malone

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT  Waived   APPLYING IFP _____   JUDGE  LEK   MAG. JUDGE  DJS

Print     Save As...     8:19-cv-1530     Reset

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.