UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                          Plaintiff,

    -against-                                                8:19-CV-1530 (LEK/DJS)

KEITH R. MEUTEN, et al.,

                          Defendants.

## **<u>MEMORANDUM-DECISION AND ORDER</u>**

**I.    INTRODUCTION**

        Currently before the Court, in this real property foreclosure action filed by the United States of America ("Plaintiff") against Keith R. Meuten, the St. Lawrence County Social Services District ("St. Lawrence CSSD"), and unidentified defendants John Doe, Mary Roe, and XYZ Corporation ("Defendants"), is Plaintiff's second motion for default judgment and for judgment of foreclosure and sale pursuant to Fed. R. Civ. P. 55(b) against Keith R. Meuten and the St. Lawrence CSSD, and for dismissal of Plaintiff's claims against the unidentified defendants John Doe, Mary Roe, and XYZ Corporation. Dkt. No. 26 ("Second Motion for Default Judgement"). For the reasons stated below, the Court grants Plaintiff's motion.

**II.    BACKGROUND**

    **A.  Plaintiff's Complaint**

        Plaintiff's complaint seeks a judgment of foreclosure and sale related to a property mortgaged to Keith R. Meuten ("Meuten"), for which Plaintiff is the owner and holder of the mortgage and promissory note. Dkt. No. 1 ("Complaint"). Plaintiff alleges that, on or about July 21, 2011, Plaintiff, acting through the Rural Housing Service or the United States Department of Agriculture, lent Meuten a sum of $59,200.00, which

Meuten promised to repay with a 4.25% interest rate. Id. ¶ 2. This loan was secured through a mortgage on Meuten's real property located at 255 Kelly Road, Rensselaer Falls, NY 13680 in Saint Lawrence County, New York. Id. ¶ 4. Plaintiff additionally alleges that Meuten has violated the provisions of the mortgage and promissory note by failing to pay the required monthly installments of principal and interest beginning February 21, 2018, and by failing to pay the real property taxes associated with the property. Id. ¶ 7.

### B. Plaintiff's Service of the Complaint and Defendants' Failure to Answer

Evidence provided by Plaintiff shows that Plaintiff served Defendants as follows: (a) Meuten was served in person at 255 Kelly Road, Rensselaer Falls, NY 13680 on February 12, 2020, and (b) the St. Lawrence CSSD was served via service on its Administrative Assistant on February 12, 2020. Sec. Mot. for Default Judgement at 72–73. Defendants' answers to the Amended Complaint were due by March 4, 2020, Dkt. No. 5, but were never filed. See Docket.

### C. Clerk's Office Entry of Default and Defendants' Non-Appearance

On January 15, 2021, Plaintiff filed a request for entry of default. Dkt. No. 15. On January 21, 2021, the Clerk of the Court entered default against both identified Defendants. Dkt. No. 17. As of the date of this Decision and Order, none of these Defendants have appeared or attempted to cure the entry of default. See Docket.

### D. Plaintiff's First Motion for Default Judgment

On March 1, 2021, Plaintiff filed a motion for default judgement as to both Defendants. Dkt. No. 22. On November 2, 2021, the Court issued a text order noting that Plaintiff had failed to submit a clerk's certificate of entry of default as required under L.R. 55.2(b). Dkt. No. 25. As such, the Court denied Plaintiff's motion for default judgement without prejudice. Id.

### E. Plaintiff's Second Motion for Default Judgment and Defendants' Non-Response

On November 10, 2021, Plaintiff filed its Second Motion for Default Judgment, now before the Court. See Sec. Mot. for Default Judgement. Plaintiff asserts that it is entitled to the following damages as of February 23, 2021: (a) unpaid principle of $61,972.57; (b) unpaid interest of $8,146.95; (c) escrow of $1,129.33; (d) late charges of $19.50; and (e) other fees of $13,511.97. Dkt. 26-3 at 1. These damages sum to $84,780.32. Id.

Plaintiff also requests that the unidentified John Doe, Mary Roe, and XYZ Corporation Defendants be dismissed because "no one has been served under these fictitious names at the premises at issue." Sec. Mot. for Default Judgement at 2.

Defendants were required to file a response to Plaintiff's motion by December 8, 2021. Dkt. No. 26. As of the date of this Decision and Order, no Defendant has filed any response or made any appearance in this action. See Docket.

## III. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05–CV–7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)).

> First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default. Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court. . . . Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.

Id. (citations and internal quotation marks omitted).

When determining whether to grant a default judgment, the Court must consider three factors: (1) whether the defendant's default was willful; (2) whether the defendant has a

3

meritorious defense to the claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. Pecarksy v. Galaxiworld.com, Ltd., 249 F.3d 167, 170–71 (2d Cir. 2001); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). "An unexcused or unexplained failure to provide an answer to the Complaint will itself demonstrate willfulness," as does failing to respond to both a complaint and a subsequent motion for default judgment. United States v. Silverman, No. 15-CV-0022, 2017 WL 745732, at *3 (E.D.N.Y. Feb. 3, 2017) (citing S.E.C. v. McNulty, 137 F.3d 732, 738–39 (2d Cir. 1998); Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F.Supp.2d 177, 188 (E.D.N.Y.2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). However, "even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189.

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil

Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(b).

## IV.     DISCUSSION

As an initial matter, the Court grants Plaintiff's motion to dismiss unidentified Defendants John Doe, Jane Roe, and XYZ Corp. from this action, because no such parties have been identified or served, and Plaintiff's counsel affirms that no such Defendants exist. Sec. Mot. for Default Judgement at 10. Plaintiff's claims against these unidentified Defendants are therefore dismissed.

As to the remaining Defendants, an entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011). However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 188 (2d Cir. 2015).

The Court finds that Plaintiff has met the procedural requirements of Local Rule 55.2(b). As such, the Court considers whether Plaintiff has sufficiently alleged the substantive requirements of its specific claim.

"Pursuant to New York common law, in a mortgage foreclosure action, 'a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.'" United States v. Castner, No. 19-CV-1447, 2021 WL 1564785, at *4 (N.D.N.Y. Apr. 21, 2021) (quoting U.S. Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x 30, 32 (2d Cir. 2012)).

5

"Additionally, the New York Real Property Actions and Proceedings Law sets forth procedural requirements including (a) the service of statutory notice to the mortgagor with the summons and complaint, (b) the giving of notice to the mortgagor before the commencement of a legal action, (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services, and (d) the filing of a notice of pendency." Id.

Plaintiff has sufficiently shown that all the above requirements are met in support of its Second Motion for Default Judgment. Specifically, Plaintiff has provided a copy of the promissory note and mortgage at issue and proof of default. Sec. Mot. for Default Judgment at 14–16, 18–24, 100–02. Additionally, related to the other procedural requirements, Plaintiff served the statutory notice along with the Complaint, and has provided copies of the notice given to the defaulting parties, a proof of filing statement documenting the information filed with the Superintendent of the New York State Department of Financial Services, and the Notice of Pendency filed with the Saint Lawrence County Clerk on December 13, 2019. Compl. at 23–35; Sec. Mot. for Default Judgment at 78–90, 94, 96–97. As a result, the Court finds that Plaintiff has sufficiently established liability against the relevant Defendants on its claim.

There is no indication that Defendants have any meritorious defense against Plaintiff's claim, nor any indication that Defendants would be unduly prejudiced by the entry of default judgment without a further opportunity to appear and respond. Indeed, Plaintiff would be harmed by further delay because Plaintiff has received no payments on the mortgaged property since 2018 and remains responsible for certain expenses related to that property. As such, default judgement is appropriate.

As to damages, Plaintiff provided an affidavit from Mirian Jackson, who states that she is Lead Foreclosure Specialist with the United States Department of Agriculture Rural Housing

Service. Id. at 104–06. Ms. Jackson states that, according to the official business records of the Rural Housing Service that are maintained on a computer located in the Central Office in St. Louis, Missouri, as of February 23, 2021, there was a total amount of $84,780.32 due and owing to Plaintiff under the mortgage and promissory note. Id. at 104. The precise breakdown of this amount owed is as described above in Part II.E. The Court finds that these amounts have been sufficiently established by the documents provided for the purposes of this unopposed motion.

Finally, Plaintiff has moved for fees and costs. The promissory note expressly provides that default on the mortgage entitles the holder of the mortgage to "be paid back . . . for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees." Id. at 15. "Courts in this Circuit have granted costs and attorney's fees to prevailing plaintiffs on the basis of this language alone." United States v. Carter, No. 19-CV-1130, 2020 WL 819320, at *2 (N.D.N.Y. Feb. 19, 2020) (referencing identical language and citing Eastern Sav. Bank, FSB v. Beach, 2014 WL 923151, at *1, 12 (E.D.N.Y. Mar. 10, 2014)). Thus, the Government is entitled to all attorney's fees and costs for which it has made a proper showing.

"Regarding costs, a plaintiff may only recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying." Id. For costs, the government requests $1,000.35. Dkt. No. 26-3 at 2. Those costs would reimburse: (1) $400 for civil filing fees; (2) $350 for the costs of the title searches; (3) $170.00 for service of process; (4) $60.00 for the clerk's filing fee; and (5) $20.35 for postal costs. Id. Because Plaintiff is the United States, the filing fee for this action was waived, Dkt. No. 1, and Plaintiff's request to reimbursed for the filing fee is denied. The other costs are appropriate, and thus the Government may recover them.

7

In assessing whether a request for attorney's fees is reasonable, "both the Second Circuit and the Supreme Court have held that the product of a reasonable hourly rate and the reasonable number of hours required by the case creates a presumptively reasonable fee." United States v. Andrews, No. 19-CV-1595, 2022 WL 1081227, at *2 (N.D.N.Y. Apr. 11, 2022) (cleaned up) (citing Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). "The resulting product 'should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation.'" Id. (quoting Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003)).

Courts in this district have recently found the following hourly rates appropriate: $250–$350 for partners and experienced counsel; $165–$200 for associates; and $80–$90 for paralegals, to be reasonable. Deferio v. City of Syracuse, No. 16-CV-361, 2018 WL 3069200, at *3 (N.D.N.Y. June 21, 2018).

Plaintiff's Counsel has requested a flat fee of $3,875.00. Sec. Mot. for Default Judgement at 6. This court generally disfavors flat fees. See United States v. Carter, No. 19-CV-1130, 2020 WL 819320, at *3 (N.D.N.Y. Feb. 19, 2020). The Second Circuit has held that "absent unusual circumstances[,] attorneys are required to submit contemporaneous [time] records with their fee applications." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010). Here, despite requesting a flat fee, Plaintiff's counsel has also provided partial contemporaneous records, documenting 8.5 hours of paralegal time and 9 hours of attorney time spent on this matter. Sec. Mot. for Default Judgement at 4–6. Additional time was also spent on preparation of the 90-day notice pursuant to state law and preparation of the Clerk's Entry of Default, though Plaintiff's counsel does not provide the number of hours. Id.

Plaintiff's counsel has been an attorney for 20 years, practicing exclusively in the area of creditors' rights, including foreclosure, bankruptcy and title curative matters for the past 14 years. Id. at 6. She thus qualifies as an experienced attorney. Applying the $80–$90 range for paralegals and $250–$350 for experienced attorneys noted above, the Court concludes that the reasonable range of costs for the documented hours is $2,930–$3,915. The request by Plaintiff's counsel for $3,875.00 falls within that range, even without accounting for the additional time described, but unquantified, in Plaintiff's motion. Thus, the Court concludes that the requested fees are reasonable and grants Plaintiff's request. See Andrews, 2022 WL 1081227, at *3 (granting request for $3,875.00 in attorney's fees where counsel had documented 9.5 hours of attorney time and 9.5 hours of paralegal time).

V.     **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Motion for Default Judgment against against Keith R. Meuten and the St. Lawrence County Social Services District (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED** against unidentified Defendants John Doe, Mary Roe, and XYZ Corporation; and it is further

**ORDERED**, that the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 255 Kelly Road, Rensselaer Falls, NY 13680, a parcel of land improved with a single-family home, is to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties; and it is further

**ORDERED**, that the sale be conducted at public auction at the Supreme Courthouse for the County of St. Lawrence, 48 Court St, Canton, NY 13617 or at another such suitable location,

by and under the direction of David McNulty, United States Marshal for the Northern District of New York, who is hereby directed to make the sale of said premises; and it is further

**ORDERED**, that the United States Marshal shall give public notice of the time and place of the sale as follows:

1) Causing a copy of the Notice of Sale to be sent by mail in a prepaid wrapper to the Defendants at the following addresses:

   a. Keith R. Meuten
      255 Kelly Road
      Rensselaer Falls, NY 13680

   b. The St. Lawrence County Social Services District
      6 Judson Street
      Canton, NY 13617

2) Posting copies of the Notice of Sale in three (3) conspicuous public places in St. Lawrence County, New York; and

3) Causing the Notice of Sale to be published once weekly for four (4) consecutive weeks in the Daily Courier-Observer, a newspaper of general circulation published in St. Lawrence County; the Notice of Sale need not contain the full legal description of the property as set forth in Schedule A, but may refer to the property 255 Kelly Road, Rensselaer Falls, NY 13680; and it is further

**ORDERED**, that Plaintiff or any other party to this action may become a purchaser on such sale; and it is further

**ORDERED**, that the United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and, upon receiving the proceeds of the sale, forthwith pay the following items:

FIRST, United States Marshal's fees and commissions on the sale, not to exceed the sum of $800.00;

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale; and

THIRD, the sum of $600.35, hereby adjudged to constitute Plaintiff's costs in this action, with interest thereon from the date hereof; the sum of $84,780.32, with interest thereon from February 23, 2021, the amount owing to Plaintiff and secured by the mortgage that is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and an award of attorney's fees in the amount of $3,875.00 with interest on the award of attorney's fees continuing from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. §1961(a).; and it is further

**ORDERED**, that, in the event that Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to or acquired by Plaintiff and a valid assignment thereof is filed with the United States Marshal, the United States Marshal shall not require Plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in the items marked FIRST and SECOND; the balance of the amount bid, after deducting therefrom the amounts paid by Plaintiff, shall be allowed to Plaintiff as specified above in the item marked THIRD; if, after applying the balance of the amount bid there shall be a surplus over and above the said amounts due to Plaintiff, Plaintiff shall pay to the United States Marshal, upon delivery to it of the deed,

11

the amount of that surplus, after which the United States Marshal shall then make the payments as herein directed; and it is further

**ORDERED**, that the United States Marshal take the receipt of Plaintiff or its attorney for the amounts paid as hereinabove directed in the item marked THIRD and file it with his Report of Sale; and it is further

**ORDERED**, that surplus monies, if any, shall then be deposited in the Registry of this Court, to be withdrawn only on the order of this Court; and it is further

**ORDERED**, that the United States Marshal make his Report of Sale and file it with the Clerk of this Court with all convenient speed, and, if the proceeds of the sale are insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, the United States Marshal shall specify the amount of such deficiency in the Report of Sale; and it is further

**ORDERED**, that the purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and it is further

**ORDERED**, that Defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, are forever barred and foreclosed of all right, title, interest, claim, lien, and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 2, 2022
Albany, New York

*[signature]*
LAWRENCE E. KAHN
United States District Judge